IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| MAREL M. BRANCH | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 1:11cv303 |
| UNITED STATES OF AMERICA | § | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Marel M. Branch, an inmate confined within the Bureau of Prisons, proceeding *pro se*, filed the above-styled motion to vacate, set aside or correct sentence. The court referred the matter to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to applicable orders of this court.

The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge concerning this case. The Magistrate Judge recommends the motion to vacate, set aside or correct sentence be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Movant filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the applicable law.

Movant was convicted of possessing more than five kilograms of cocaine with the intent to distribute. The drugs were discovered following a traffic stop of a vehicle driven by movant. The court denied a motion to suppress filed by movant. In his objections, movant contends that the fact that no traffic citation was issued confirms that there was not sufficient cause to stop his vehicle. He also asserts a copy of the traffic citation should have been provided to him as exculpatory evidence.

Movant's objections are without merit. As long as a traffic stop is otherwise proper, it is irrelevant whether a citation was actually issued. *Burton v. United States*, 237 F.3d 490, 496 n.4 (5th Cir. 2000). Further, there is no indication in the record that a traffic citation was issued.

The transcript of the hearing held regarding the motion to suppress makes no reference to a citation being issued. In his original filing, movant states no warning citation was issued. As a result, there was no citation to disclose.[1]

## ORDER

Accordingly, the objections are **OVERRULED**. The proposed findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered denying this motion to vacate, set aside or correct sentence.

In addition, the movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* U.S.C. § 2253. The standard for granting a certificate of appealability requires a movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84; *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). In making a substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *Slacke*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the movant. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

---

[1] Movant may be contending that while he believes no citation was issued, if a citation was issued a copy of it should have been disclosed to him. However, it appears no citation was issued following the traffic stop.

Movant also notes that the Magistrate Judge cited a case, *United States v. Washington*, 480 F.3d 309 (5th Cir. 2007), which was not decided until after he committed his offense. The Magistrate Judge cited *Washington* for the proposition that in order for a plea of guilty to be constitutionally valid it must be made knowingly, voluntarily, and intelligently. The opinion in *Washington* was issued on February 19, 2007. While this was after movant committed his offense, it was before July 25, 2008, the date on which movant entered his plea of guilty. As a result, the Magistrate Judge correctly described the state of the law regarding pleas of guilty as it existed on the date movant entered his guilty plea.

In this case, the movant has not shown that the issue of whether his motion to vacate is meritorious is subject to debate among jurists of reason.  In addition, the questions presented with respect to this issue are not worthy of encouragement to proceed further.  As a result, a certificate of appealability shall not be issued.

**SIGNED** this the 29 day of **July, 2014.**

_____
Thad Heartfield
United States District Judge